Sapienza v Notaro (2020 NY Slip Op 05545)





Sapienza v Notaro


2020 NY Slip Op 05545


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-03925
 (Index No. 700060/16)

[*1]Richard Sapienza, Jr., appellant, 
v
Philip Notaro, Jr., respondent, et al., defendants.


Falcon Rappaport & Berkman PLLC, Rockville Centre, NY (Paul M. O'Brien of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for malicious prosecution and tortious interference with advantageous business relationship, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered February 7, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant Philip Notaro, Jr., which was for reimbursement of storage and transportation costs he incurred in producing his documents for inspection to the extent of directing the plaintiff to reimburse that defendant the sum of $500.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Philip Notaro, Jr., which was for reimbursement of storage and transportation costs he incurred in producing his documents for inspection is denied.
In January 2016, the plaintiff commenced this action against the defendants alleging, inter alia, malicious prosecution and tortious interference with advantageous business relationship. The defendants Law Office of Michael A. Kofsky, PLLC, and Michael A. Kofsky had allegedly represented the defendant Philip Notaro, Jr., in prior actions against the plaintiff.
By so-ordered stipulation dated December 13, 2017, Notaro was directed to "produce or permit discovery and inspection of documents" on or before February 5, 2018. According to the plaintiff, Notaro canceled a scheduled inspection and never complied with the stipulation. In an order dated July 10, 2018, the Supreme Court, among other things, directed Notaro to "produce or permit discovery and inspection of documents on or before August 1, 2018." Thereafter, Notaro was granted an extension of the deadline to provide document discovery, and on August 6, 2018, Notaro produced his documents at the Queens County courthouse.
On December 14, 2018, Notaro, acting pro se, moved, inter alia, to direct the plaintiff to reimburse him the sum of $1,520 for the storage and transportation costs Notaro incurred in producing his documents for inspection. In an order entered February 7, 2019, the Supreme Court, among other things, granted that branch of Notaro's motion which was for reimbursement of the storage and transportation costs to the extent of directing the plaintiff to reimburse Notaro the sum of $500. The plaintiff appeals.
We disagree with the Supreme Court's determination directing the plaintiff to reimburse Notaro the sum of $500 for the storage and transportation costs he incurred in producing his documents for inspection. Notaro failed to submit any documentary evidence substantiating the costs he claimed to have incurred in storing and transporting his documents (see generally CPLR 8301). Accordingly, the court should have denied that branch of Notaro's motion which was for reimbursement of the storage and transportation costs he incurred in producing his documents for inspection.
DILLON, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court